■ In the Matter of RUTH MARIE POLLACK, Respondent, v MATTHEW G. KIERNAN et al., Appellants. [961 NYS2d 922]—Order, Supreme Court, Kings County (Herbert Kramer, J.), entered on or about November 17, 2011, which granted the petition brought pursuant to CPLR article 78 to the extent of directing the Appellate Division, Second Department, to forward certain documents in petitioner's disciplinary file to Supreme Court for in camera review, unanimously reversed, on the law, without costs, and the petition denied, and the proceeding dismissed.

Judiciary Law § 90 (10) provides that the Appellate Division has the jurisdiction to permit documents pertaining to an attorney disciplinary proceeding to be divulged. Therefore, Supreme Court lacked the authority to order disclosure of such documents. Concur—Andrias, J.P., Moskowitz, Freedman, Manzanet-Daniels and Feinman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v XAVIER SANTOS, Appellant. [961 NYS2d 922]—Judgment, Supreme Court, New York County (Renee A. White, J.), rendered May 10, 2011, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (see Anders v California, 386 US 738 [1967]; People v Saunders, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Andrias, J.P., Moskowitz, Freedman, Manzanet-Daniels and Feinman, JJ.